GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF MISSOURI, Plaintiff, v. ALICE RENEAU, Interpleader, Appellant; M. J. MULHERIN, Interpleader, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. **Fraternal-Beneficial Society**: CERTIFICATE OF BENEFICIARY. The interest of a beneficiary in the certificate upon the life of a member of a fraternal-beneficial association is a mere expectancy before the death of the member, after which event it becomes vested.

2. ———: ———: WAIVER OF RULES GOVERNING CHANGES OF BENEFICIARY. Anterior to the death of a member, the association for whose benefit alone the rules governing changes of beneficiaries are made, may waive compliance with any such rules on the part of their members and thus validate attempts to change beneficiaries which would be ineffectual under the strict rules of the order.

3. ——: ——: ——: EQUITY. The intention of the husband in the case at bar to make his wife, and the mother of his children, the recipient of the insurance on his life, was evidenced by his express direction to that effect put upon the back of the certificate, and signed and attested in the most solemn form. It sprang from obligations of the highest nature, and should be effectuated by a court of equity if capable of enforcement.

4. ——: ——: ——. As the plaintiff order accepted the wife as the beneficiary of its certificate during the life of her husband, and has interposed no defense to her claim since his death, the former beneficiary is precluded from so doing.

5. ——: ——: ——. Where a fraternal-beneficial society has knowledge through its proper agents that the wife of a member had become the beneficiary of a certificate in dispute, and had accepted from her for nearly twenty years all dues payable by the member, such knowledge acquired from these sources coupled with its action in receiving the payment of all dues from the wife, amounts in law to a waiver on its part of the omission to pay fifty cents under the by-laws of the order, when her husband made an otherwise valid designation of her as his beneficiary.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

D. A. BALL for appellant.

Perhaps no stronger case can be found pleading for equity than the above cause. On the question of equity in the case, the attention of the court is called to the following authorities: Leaf v. Leaf, 17 S. W. Rep. 354, 854, and cases there cited; also Hofman v. Grand Lodge of Brotherhood of Locomotive Fireman, etc., decided at fall term of St. Louis Court of Appeals, 1897, and reported in Vol. 1, No. 1, page 5 of Missouri Appeal Reporter; also Lister v. Lister, Vol. 1, No. 1, page 24. There being no vested rights under the beneficiary certificate issued in this case the society has the right to waive a strict compliance with its own rules,

and the original beneficiary will not be heard to complain, for the reason that that rule is alone for its own protection to be enforced or not as it may elect. Bacon on Benefit Societies, section 310a, p. 629; 18 N. E. Rep. 657; 5 S. W. Rep. 385; 8 S. W. Rep. 38; 20 Pac. Rep. 213. It is also admitted that Mrs. Alice C. Reneau paid all assessments and dues for ten years; it must therefore be presumed that she paid them to the proper person of the local lodge. If so will it not be assumed that the knowledge of the local lodge through its offices is knowledge of the association? Paying the money into court by the grand lodge is a clear waiver of its right to question, so far as it is concerned, the validity of the change of beneficiary, and therefore no one else can question it, because the rule is clearly for the protection of the grand lodge.

SAM SPARROW and J. D. HOSTETTER for respondent.

If a change of beneficiary is attempted and the same is not effected, or for any reason is invalid, the first designation remains in force, and the beneficiary originally designated is entitled to the fund. This proposition is supported practically by all the cases involving incomplete changes of beneficiary, but is particularly recognized in the cases of Elsey v. Odd Fellows Mut. Relief Ass'n, 142 Mass. 224; 7 N. E. Rep. 844; Tyler v. Odd Fellows Mut. Relief Ass'n, 146 Mass. 134; 13 N. E. Rep. 360; Smith v. Boston, Etc. Relief Ass'n, 46 N. E. Rep. 526. Where the laws of the order permit a change of beneficiaries and prescribe certain rules and formalities to be observed in making such change, or if the assent of the society is required, then such attempted change must, to be effectual, be made in accordance with the requirements prescribed, and the methods pointed out by such laws are exclusive.

Elsey v. Odd Fellows Mut. Relief Ass'n, 142 Mass. 224; 7 N. E. Rep. 814; Tyler v. Odd Fellows Mut. Relief Ass'n, 145 Mass. 134; 13 N. E. Rep. 360. The capacity to take the fund is determined by the status of the beneficiary at the death of the member and there being three classes of persons who, under the laws of the order, could participate in the beneficiary fund, viz.: Members of his family, blood relatives, and dependents; the respondent being the niece of the member, of course, belonged to a class, at all times, of persons who could legally claim the fund. Lister v. Lister, Vol. 1, No. 1, Mo. App. Reporter, page 24; Masonic Ben. Ass'n v. Bunch, 109 Mo. 580; Order of R'y Conductors v. Koster, 55 Mo. App. 186; Tyler v. Odd Fellows Mut. Relief Ass'n, 145 Mass. 134. Local lodges, and officers thereof, have no power to abrogate the constitution and laws of the order, neither have they power to waive any of the laws relating to the substance of a contract between an individual member and the society. Bacon on Ben. Soc., sec. 434; Harvey v. Grand Lodge A. O. U. W., 50 Mo. App. 472, and cases there cited.

BOND, J.—The plaintiff, a fraternal-beneficial society, paid into court $2,000, the amount of the benefit certificate on the life of one of its members, and obtained a rule of interpleader between two rival claimants to the fund. The cause was submitted to the court without a jury upon the following agreed statement of facts.

"In the above cause in addition to the pleading in the cause it is admitted that on the 28th day of September, 1877, John A. Reneau applied for membership in Lodge No. 27, Clarksville, Mo., said lodge being a local or subordinate lodge of plaintiff and that at said time he, the said John A. Reneau, was single and

AGREED state-
ment.
unmarried. That this application for membership in said lodge and the benefit certificate issued to him and hereto attached and made a part hereof, and that in both of said instruments M. J. Reneau, now Mrs. Mulherin, being the niece of said Reneau, is named as beneficiary therein. Ex. "A" and Ex. "B."

"It is also admitted that the said John A. Reneau, thereafter on the 9th day of April, 1878, married Alice C. Reneau who remained his wife to the day of his death, and that on the 18th day of July, 1878, the said John A. Reneau revoked in writing on the back of the beneficiary certificate, issued to him Oct. 6th, 1877, aforesaid by plaintiff the appointment of said M. J. Reneau, now Mrs. Mulherin, and named as his beneficiary under said beneficiary certificate his wife, Alice C. Reneau, and that he caused said change of beneficiary so made by him in said beneficiary certificate to be attested by John A. Wirick, the recorder of said local lodge as will appear from the indorsement on the back of said beneficiary certificate and made a part hereof.

"It is admitted that to the marriage between John A. Reneau and Alice Reneau two children were born and now living.

"It is further admitted, if regarded as competent by the court, that for the last ten years the said Alice C. Reneau has paid all the assessments made against John A. Reneau, to keep the policy alive and in force.

"And it is further agreed that the plaintiff herein, the Grand Lodge of the Ancient Order of United Workmen, disclaims any interest in the fund in controversy but comes into court and makes no defense to the claims of the rival interpleaders, other than is set out in their bill of interpleader filed herein, and asks leave and does pay the amount named in said policy to

said John A. Reneau into court to be awarded by the court to the rightful interpleader herein.

"It is also admitted that the plaintiff is a fraternal or charitable order organized under the laws of the state of Missouri, and it is agreed that the constitution and by-laws of said order from 1877 to the death of said Reneau are a part of this agreed statement of facts, and that the Grand Lodge had the right to pass all necessary rules and laws governing the local lodges and members thereof, for the protection of its members and the local and grand lodge.

"It is admitted that the following were the objects and purposes of the order at the time when said Reneau became a member thereof, and when he attempted to change the name of the beneficiary.

## " 'OBJECTS OF THE ORDER.

" 'Pretermitting all reference to nationality, political opinions or denominational distinctions or preferences, but believing in the existence of a God, the Creator and Preserver of the Universe, and recognizing as a fundamental principle that usefulness to ourselves and others is a duty which should be the constant aim and care of all, the following are submitted as to the aims and purposes of the "Ancient Order of United Workmen?"

" 'First. To embrace and give equal protection to all classes and kinds of labor, mental and physical; to strive earnestly to improve the moral, intellectual and social condition of its members; to endeavor by wholesome precepts, fraternal admonitions and substantial aid, to inspire a due appreciation of the stern realities and responsibilities of life. Second. To create a fund for the benefit of its members during sickness or other disability, and in case of death to pay a stipulated sum to such person or persons as may be

designated by each member, thus enabling him to guarantee his family against want. *Third*. The adoption of such secret work and means of recognition as will insure the protection of its members wherever the order may exist. *Fourth*. To hold lectures, read essays, discuss new inventions and improvements, encourage research in art, science and literature, and, when practicable, maintain a library for the improvement of the members.

"And it is admitted that the following was the by-law concerning the change of beneficiary in 1877 at the time said Reneau became a member and also the amendments and dates of amendments as follows, to wit:

" 'Any member holding a benefit certificate desiring at any time to make a new direction as to its payments may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder with the seal of the lodge attached, and by the payment to the Supreme Lodge of the sum of fifty cents.'

"That thereafter on the 25th of March, 1878, the following amendment to the above law, having previously been legally adopted, was promulgated:

"Add the words, 'But no change of direction shall be valid or have any binding force or effect until such change shall have been reported to the Supreme Recorder, the old certificate filed with him, and a new benefit certificate issued thereon.'

"It is further agreed that the Grand Lodge, the plaintiff herein, was never notified of the change of beneficiary so made by said John A. Reneau on the 18th day of July, 1878, and that the 'fifty cents required was never paid to the Grand Lodge, nor was the original beneficiary certificate ever surrendered to the recorder of the Grand Lodge, or a new certificate

ever requested, but that said Reneau retained said original certificate to the date of his death which occurred on the 27th day of May, 1897.

"It is further agreed, if competent, that the Grand Lodge was not notified of the change of beneficiary and the fifty cents paid and old certificate surrendered, because neither said Reneau or the officers of the local lodge knew it was the law or necessary to be done.

"SAM SPARROW,

"J. D. HOSTETTER,

"Att'ys for Interpleader M. J. Mulherin.

"D. A. BALL,

"Att'y for Interpleader Alice C. Reneau."

The court rendered judgment in favor of interpleader Mrs. M. J. Mulherin, and against the wife of the deceased member. The latter appealed.

INTEREST of beneficiary in certificate.

The interest of a beneficiary in the certificate upon the life of a member of a fraternal-beneficial association is a mere expectancy before the death of the member, after which event it becomes vested. It is a corollary of these propositions that anterior to the death of a member, the association for whose benefit alone the rules governing changes of beneficiaries are made, may waive compliance with any such rules on the part of their members and thus validate attempts to change beneficiaries which would be ineffectual under the strict rules of the order.

In the case at bar when the deceased member joined the plaintiff order he was unmarried and childless, wherefore it was not unnatural that he should designate his niece, now Mrs. Mulherin, as the beneficiary of the fund payable at his death. The next year, however, he married, and immediately, according to the rules of the order (except as to the payment of fifty cents) which existed when his application for

membership was made, designated his wife as the beneficiary of the certificate theretofore issued upon his life. That he was not bound at that time in the matter of this change of beneficiaries to comply with the superadded requirements on this subject adopted subsequent to his membership, is apparent from the terms of the agreement contained in his application, which restricted his obligation to conform to subsequent rules on this subject to such as were *"not inconsistent with those that now exist."* When his contract with the plaintiff order was completed by the issuance of the certificate in suit, he was only required to indorse his signature in the manner which he did, and pay fifty cents to effect a change of beneficiary. The amended rules of the plaintiff order *subsequently adopted* made the validity of a change of beneficiaries depend upon superadded conditions inconsistent with the simple procedure in vogue when the deceased became a member of the plaintiff order. Under his contract of membership these amendments did not become obligatory upon him. The question therefore is, do the agreed facts show that, prior to the death of the member who procured the policy in suit, the plaintiff order waived his failure to pay the fifty cents at the time he substituted his wife as beneficiary under said policy? It is expressly admitted that the proper officer of the plaintiff witnessed the indorsement of his wife's name on the printed blank put on the back of the certificate by the plaintiff order for the purpose of changing the beneficiary, and that this officer attested the signature and act of the deceased member in substituting his wife as the beneficiary of the certificate. It is further shown that the new beneficiary (the wife) paid all the assessments for the last ten years due the plaintiff order by her deceased husband; that these payments were made to and received by the

the plaintiff order to prevent a forfeiture of the benefit certificate. Section 2823 of the Revised Statutes of 1889 (then in force) expressly provides that "the beneficiary may pay such assessments." The plaintiff order is conclusively presumed to have been aware of this statute entitling the wife in her character as "beneficiary" of the certificate to pay such membership dues, hence its reception of these payments from her was a recognition of the capacity in which they were made. But the knowledge of the plaintiff order that the wife had become the beneficiary of the certificate in dispute, is not only implied from this recognition of her as beneficiary, but it may also be presumed from the fact that the officer appointed as the agent of the plaintiff order to take cognizance of changes of beneficiaries in the course of his duty had actual knowledge of the change made in the case at bar, in token whereof he affixed his attestation as required by the laws of the order. The knowledge so received by its agent was, in law, the the knowledge of his principal, the plaintiff order. The knowledge which the plaintiff order acquired from these sources coupled with its action in receiving the payment of all dues from the wife, amounted in law to a waiver on its part of the omission to pay the fifty cents, when her husband made an otherwise valid designation of her as his beneficiary. To permit her rights as such to fail by reason of the omission of the husband to pay the fifty cents twenty years ago, and after a full recognition of them by the plaintiff order for that period, would in our opinion work a great fraud and injustice, which this court will not assist. The other claimant never at any time asserted her rights under the certificate prior to the death of the member. After that happened, and although aware that the certificate itself had been saved from forfeiture

PRINCIPAL and agent.

only by the efforts of his wife, the former beneficiary now seeks to reap the benefit of the sacrifices made by the wife of the member to preserve the insurance transferred for the support of herself and children.

The intention of the husband to make his wife, and the mother of his children, the recipient of the insurance on his life, was evidenced by his express direction to that effect put upon the back of the certificate and signed and attested in the most solemn form. It sprang from obligations of the highest nature, and should be effectuated by a court of equity, if capable of enforcement. Hofman v. Grand Lodge, No. 7018, this court, unreported. As the plaintiff order accepted the wife as the beneficiary of its certificate during the life of her husband, and has interposed no defense to her claim since his death, we think the former beneficiary is precluded from so doing. Our conclusion is that the fund in controversy should be paid to the widow of the deceased. The judgment is reversed and the cause remanded, to be proceeded with in conformity with this opinion. All concur. Judge BIGGS in the result.