GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF MISSOURI, Plaintiff, v. MARY E. ROSS, Respondent; MICHAEL ROSS, Appellant.

**Kansas City Court of Appeals, June 3, 1901.**

Benefit Societies: CHANGE OF BENEFICIARIES: PRESCRIBED FORMS: EQUITY. Where the rules of a benefit society prescribe forms for changing the beneficiaries, such forms should be followed to the exclusion of all other methods; and an attempt to change the beneficiary is reviewed and held insufficient on legal or equitable principles. Cases reviewed and considered.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Amos H. Kagy,* for appellant.

(1) It is the settled law that a beneficiary association may prescribe a method by which a new designation may be made, and if so made, it is valid. (2) The grand lodge having issued a new certificate and brought the fund into court, the claimant under the old certificate can not question the regularity of the new direction. Benefit Ass'n v. Bunch, 109 Mo. 560, and cases cited; Coleman v. Sup. Lodge, 18 Mo. App. 189; Grand Lodge A. O. U. W., 75 Mo. App. 402. (3) The new designation, though it be ineffectual, had the effect of an equitable assignment, and as this case is one of equitable cogni-

zance, equitable principles must govern in its determination. Hofman v. Grand Lodge, 73 Mo. App. 47.

*Witten & Hughes* for respondent.

(1) The new designation of beneficiary was not made according to the law of the order. (2) "An incorporated benevolent association may make reasonable regulations defining the methods by which a member may change the beneficiary named in his benefit certificate, and the adoption of a particular method of changing a benefit certificate, under the powers and within the limits of the charter of a benevolent benefit society is the exclusion of all other methods." Coleman v. Knights of Honor, 18 Mo. App. 189; Stewart v. Legion of Honor, 36 Mo. App. 330; Hammerstein v. Parsons, 38 Mo. App. 336; Head v. Knights of America, 64 Mo. App. 212, . Hofman v. Grand Lodge, 73 Mo. App. 47; Bacon on Benefit Societies, secs. 161, 307; Niblack on Benefit Societies, sec. 218.

BROADDUS, J.—The allegations of the petition are that the plaintiff is a fraternal-benevolent association under the laws of Missouri; that on the seventeenth of May, 1894, one Wm. J. Ross became a member of Averill Lodge No. 388, one of its local or subordinate lodges located at Kansas City, Missouri; that one of the objects of plaintiff order is to pay to the legally designated beneficiaries of a deceased member, two thousand dollars; that under the laws of the order, any member may change the beneficiary and obtain a new benefit certificate by complying with certain formalities required by its laws; that is to say, upon the back of benefit certificates issued to such member, he may in writing revoke the former designation of beneficiary, and when said revocation is signed by the recorder of the subordinate lodge, and a fee of fifty cents is paid by

the member, and said benefit certificate is surrendered to the grand lodge, a new one is issued payable to the new beneficiary therein designated; but said law also provides that whenever said benefit certificate is lost, or not under the control of the member, he may, in lieu of executing such revocation on the back of such certificate, make an affidavit of fact that said certificate is lost or not under his control, in form prescribed, and have a new certificate issued payable as directed, by which said application and affidavit the said member thereby cancels, annuls and relinquishes all his rights and those of his first beneficiary under the original certificate; that in his application for membership in said order, Wm. J. Ross directed his certificate to his wife, Mary E. Ross, which was done, which certificate is now in her possession; that afterwards, on the twenty-third of February, 1899, said Wm. J. Ross, upon the prescribed form, duly made application for a new benefit certificate, claiming that the original certificate was out of his control and surrendered all rights under it, and directed that a new certificate be issued payable to defendant Michael Ross, his brother; that a new certificate was issued in lieu of the original which is now in the possession of said Michael Ross; that Wm. J. Ross died on the twentieth of March, 1899, at which time he was a member in good standing; and that both Michael and Mary E. Ross claim the money under said certificate. Plaintiff asks that the conflicting claimants may be required to come into court and have their rights in the premises determined; and that plaintiff may be permitted to pay into court the money in question; and that its rights in all ways be protected by a proper judgment. Michael Ross and Mary E. Ross, each by appropriate pleading, assert their respective claims to the said fund.

As the original certificate was issued for the benefit of interpleader Mary E. Ross, the burden of proof was thrown

upon the interpleader Michael Ross to show that the original certificate has been revoked and that he was, at the death of said Wm. J. Ross, entitled by substitution to the fund of $2,000, which was originally intended for the benefit of the said Mary E. Ross. In order to support his claim, the interpleader, Michael Ross, introduced the affidavit for a change of beneficiary, and the laws of the order relating thereto. The change of beneficiary from Mary E. to Michael Ross was predicated upon the following affidavit:

"Application for a duplicate certificate, Ancient Order United Workmen, Averill Lodge, No. 388.
"Kansas City, Missouri, February 23, 1899.

"The undersigned, Wm. J. Ross, being duly sworn, does depose and say that he is a Workman, degree member in Averill Lodge No. 388, located at Kansas City, State of Missouri; that the number of the beneficiary certificate is 48003; that said benefit certificate is payable to his wife, Mary E. Ross, and was issued at St. Louis, Missouri, by the Grand Lodge of the Ancient Order of United Workmen of Missouri, on the twenty-first day of May, 1894.

"The undersigned further deposes and says that the said beneficiary certificate was out of his control. In consequence of the said loss of control of his beneficiary certificate, the undersigned hereby makes application for a duplicate certificate which he asks may be issued to him in the place of the original beneficiary certificate, above described, and as a condition necessary to the issuance of said duplicate, the undersigned Wm. J. Ross does hereby cancel, annul and relinquish all rights, benefits and claims that may at any time arise, either to him or his beneficiaries under said beneficiary certificate described at the outset and direct the payment to be made to Michael Ross, bearing the relation to me of brother.

"Signed and sworn to by said Wm. J. Ross."
Then follows:

"Kansas City, Missouri, February 23, 1899.
"The above application for a duplicate beneficiary certificate was duly approved at a regular meeting of Averill Lodge No. 388, A. O. U. W., held at Swope's Hall, Kansas City, Missouri, on the twenty-first day of February, 1899.
"With seal of the Lodge.
"C. C. CLARK, Recorder."

The original certificate in favor of Mary E. Ross is in the following form:
"This certificate issued by the authority of the Supreme Lodge of the Ancient Order United Workmen, witnesseth:
"That brother William J. Ross, a Workman degree member of Averill Lodge No. 388 of said order, located at Kansas City, in the State of Missouri, whose application is hereby made a part of this contract, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to designate the beneficiary, in accordance with the laws of the order, to whom the amount of two thousand dollars of the beneficiary fund of the order shall at his death be paid which said sum the grand lodge promises to pay to the beneficiary herein named upon the conditions hereinafter recited, and provided, that this certificate has not been surrendered by the member and a new one issued.
"This certificate is issued upon the express condition that said William J. Ross shall in every particular, while a member of said order, comply with all the laws, rules and requirements thereof, now existing or hereafter enacted. He designates as beneficiary under the terms hereof, Mary E. Ross, bearing to him the relation of wife."
Vol 89 app—40

The duplicate issued to claimant Michael Ross differs from the original in two respects, viz.:

First, the name of Michael Ross is substituted for the name of Mary E. Ross, as beneficiary. Second, the following words are added: "Provided further, that all statements, representations and agreements in his application and answers in the medical examiner's blank be deemed and by the acceptance of this certificate are hereby agreed to as warranties."

The latter certificate is denominated a "duplicate," and the difference between the two is not material except as to the names, and the latter might with propriety be called a duplicate were it not for the change in the names of the beneficiary. Law 50 of the order provides that "any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by ordering such change in writing on the back of his certificate in the form prescribed," etc.

The form prescribed is as follows: "I, ———, to whom the within certificate was issued, do hereby revoke my former directions as to the payment of the beneficiary fund due at my death, and now authorize and direct such payment to be made to ———, bearing relationship to myself of ———, and that a new certificate be issued in accordance with this direction, upon the issuance of which this certificate shall become cancelled and null and void." Law 52 governs the issuance of duplicate certificates as follows: "When a beneficiary certificate shall be lost, or it shall not be under the control of the member to whom it was issued, he may have a duplicate certificate issued, if he so desires, upon making affidavit of the fact upon blanks furnished by the grand recorder, and executing a release to the grand lodge of all rights and benefits under the original certificate," etc. It will be seen from this evidence that the said Wm. J. Ross adopted the form provided by law

52, in obtaining a change of beneficiary, instead of that of law 50, of the order.

The judgment of the court awarded the fund to the original beneficiary, Mary E. Ross, from which judgment the claimant, Michael Ross, appealed.

It is contended by the appellant that the change of beneficiary from Mary E. Ross to Michael Ross was a substantial compliance with the laws of the order, and that the latter is entitled to the fund in the hands of the court. The question involved does not seem to be one of first impression in this State, but as the opposing counsel in the case differ widely as to what has been decided, it necessitates a brief review of what our appellate courts have said on the subject.

In Coleman v. Supreme Lodge, 18 Mo. App. 189, it was held that a benevolent association, like the one in question, might make reasonable regulations, providing for methods by which a member might change the beneficiary named in his benefit certificate. "And that the adoption of a particular method of changing a benefit certificate, under the powers and within the limits of the charter of the association, is the exclusion of all other methods." And Judge ROMBAUER, in delivering the opinion of the court, laid down the rule thus: "We can see no ground upon which the rules invoked by the defendant in this case can be declared illegal. Nor do we perceive how the judgment of the trial court can be sustained on the ground that although the provisions of the constitution and by-laws prescribed in what manner the corporation could be required to pay it, yet, that the manner thus prescribed was not exclusive of any other manner, which the member should see fit to adopt himself. * * * It must be assumed that when the corporation framed a set of rules, providing in the most detailed manner for the distribution of this fund, and for the rights of beneficiaries, the manner thus prescribed was exclu-

sive of all others.   *   *   *   Any other conclusion on this subject would lead to the most interminable confusion in the law applicable to the distribution of such funds, and fritter away funds created for the benefit of widows and orphans in the expenses of endless litigation." In Head v. Supreme Council Catholic Knights, 64 Mo. App. 212, it was held:   "The validity of the substitution of a new beneficiary, in place of the one named in a certificate of a benefit society for the payment of mortuary benefits, must be determined by the terms of the certificate and of the charter and by-laws of the society.   If these provide for the substitution of beneficiaries in a certain way, all other methods are excluded; and a substitution which is not in substantial compliance with the mode prescribed is invalid."

The appellant, among other cases, relies upon the case of Grand Lodge v. Reneau, 75 Mo. App. 402, to overturn the theory upon which the court decided the case at bar.   The facts of that case were that, in 1877, John A. Reneau became a member of the organization and made his niece, Mrs. Mulherin, the beneficiary; that in 1878, the member, who was unmarried at the time he became a member, married Alice C. Reneau, who continued his wife until his death, which occurred in May, 1897; that soon after his marriage he revoked in writing, on the back of his certificate in pursuance of the laws of the order, the appointment of the first beneficiary and designated his wife as the beneficiary, failing however to pay the fifty cents as required to be paid to the grand lodge; that for the last ten years of the life of her husband she paid the assessments due the order to prevent a forfeiture of the certificate; and that payment of these assessments was authorized by section 2823, Revised Statutes 1889, which provides that "the beneficiary may pay such assessments."   The court held that, under the circumstances of the case, the equity was all on the

side of the wife. The court did not, in words or by implication, overturn the doctrine of the cases of Coleman v. Knights of Honor, and Head v. Supreme Council of Catholic Knights, supra. In fact, the rulings of the court might have been well sustained on the ground that there had been, in the process of change of beneficiaries, a substantial compliance with the rules of the order. The rule announced in the prior decisions last named, that the rules of the order providing for a change of beneficiaries is in exclusion of all other modes, and that they *must be followed strictly,* that is, by the exact rules of the order, or at least *substantially.* The payment of fifty cents to the grand lodge was independent of and not a part of the *modus operandi* of making the change, and one which the grand lodge might, through inadvertence of its officers, fail to collect. But the court put the case upon the ground of equity; and well it might.

There, the first beneficiary had for ten years permitted the wife—the second or substituted beneficiary—to pay the assessments to prevent forfeiture, and the first beneficiary never, during all that time, asserting in any manner whatever anything to indicate that she had any interest in the life of the member. Under such circumstances, the court, in all conscience, without violating any rule of right, might well hold that the one by her laches had lost all claim upon the fund, while the other, by her diligence and her devotion to the interests of her own and her husband's family, had well earned it all. The rule in that case does not coincide with the theory of the appellant as applicable to the case at bar. Here, there was a failure to comply with the laws of the society for obtaining a certificate changing the beneficiary. On the contrary, the attempted change was made under the laws of the society providing the manner in which a duplicate certificate may be obtained. The object to be obtained under said last mode is en-

tirely different from the first. It is obvious that when application for a duplicate certificate is demanded, no change of beneficiary is contemplated; and it is passing strange that the officers of the association, who must be accredited with full knowledge of the laws and regulations of the society, should, under the circumstances, have issued said second certificate.

And the contention of the appellant can not be sustained upon the equity of the case, such as inspired the court in the case of Grand Lodge v. Reneau, supra. Far from it. The appellant was the brother of the deceased member and the respondent his wife. The facts show that for a considerable length of time before his decease, Wm. J. Ross was in bad health and was moved from his own home to a hospital in Kansas City where he remained a while and was then removed to the home of the appellant in the same block wherein the deceased lived; and while there, and but a short time before his death, the certificate in question was obtained. The record is silent as to why the beneficiary was changed from the wife to that of the brother.

The appellant cites authorities of other State courts to the effect: "When the association issues a certificate or changes the beneficiary, all questions as to whether it is done or not in accordance with its rules and regulations are concluded." We can not adopt such rule. Not only for the sake of harmony in the rulings of appellate courts of the State, but, also, because we believe the rulings heretofore made are sustained by reason and right, we must adhere to them. In Hofman v. Grand Lodge, 73 Mo. App. 47, the court recognizes the rule as laid down in Coleman v. Knights of Honor, and in Head v. Supreme Council, supra. The case of Masonic Ben. Ass'n v. Bunch, 109 Mo. 560, has no application for the reason that the laws of the order did not provide, in any form whatever, for a change of beneficiary, and the change was made by the

last will of the deceased member. In all the cases decided by our courts, our attention has been called to none that are in conflict with the rule adopted by the trial court in the case at bar.

The appellant is not entitled to the fund upon any reasonable theory of the case. This claim is founded upon a certificate not in compliance with the laws of the order in question; and under the theory he invokes in the case of Grand Lodge v. Reneau, supra, he has not the shadow of right for his contention. On the contrary, the rules of equity that guided the court in that case to its conclusions, utterly condemn his claim here. Neither by right of equity, nor by complying with the laws of the order, is he entitled to the fund. On the contrary, the wife, who holds the original benefit certificate, by every consideration of justice, and the objects and aims of the order to provide for the families of its members, was properly recognized by the trial court as entitled to the fund. If she had neglected any of the duties of a wife or committed any act whereby she forfeited the esteem of her husband, it was not proven. If the husband had any motive for substituting his brother for his wife, it did not appear. And it is strange that the husband should have desired to cut his wife out of the fund at the last moment, without some very grave reason, which is suggestive of some undisclosed history. Whether that history, if disclosed, would cast blame upon the wife or the brother, so far as this case is concerned, is a sealed book.

We believe the judgment of the trial court was right under both the law and equity of the case, and the cause is affirmed. All concur.