JENNIE ABLES, Appellant, v. ILA FERN ACKLEY, Respondent.

Kansas City Court of Appeals, November 16, 1908.

1. **WITNESSES: Deceased Party: Husband and Wife: Res Adjudicata.** On the death of her husband the widow brought an action on a benefit certificate issued in favor of her husband's daughter claiming that the husband, in consideration of the marriage, had agreed that she should be the beneficiary and had subsequently attempted to secure the transfer but later neglected it. *Held*, she was not a competent witness to the antenuptial contract since the husband was dead, nor as to the transactions between the husband and wife after the marriage. *Held*, further, that a ruling on the former appeal that her incompetency was waived by reason of her cross-examination did not preclude the objection on a second trial as to her competency, since a question arising on a former appeal will not be deemed *res adjudicata* unless it has been fairly presented as necessary for the decision of the case.

2. **BENEFIT SOCIETIES: Change of Beneficiary: Conformity to Regulation: Transfer.** The by-laws of a society provided "that no change in the beneficiary shall be effective until the old certificate shall have been surrendered and the new one issued." *Held*, that the member's promise and intention to transfer the certificate to another, although it was well known to the society with notice that the new beneficiary was paying the dues thereon, is not sufficient to waive compliance with the by-laws and transfer the certificate to the new beneficiary. [Following Grand Lodge v. McFadden, 213 Mo. 269.]

3. ————: **Performance of Contract: Equitable Interest.** Where on similar facts a person performing the contract might have an equitable interest in the property, such rule does not apply to benefit certificates which are not properties in the usual sense of the term, since the beneficiaries have no vested interest in such certificate until the death of the member, nor does the member have any property rights in the indemnity.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*E. W. Shannon* and *Fyke & Snider* for appellant.

(1) The decision of this court in Ables v. Ackley, 103 S. W. 974, was *res adjudicata.* The evidence, pleadings and issues were the same. Hinzman v. Railroad, 199 Mo. 56; Winter v. Lodge, 101 Mo. App. 550; State ex rel. v. O'Neal, 170 Mo. 7; K. C. Ex. Park v. K. C., 174 Mo. 425; Garretson v. Insurance Co., 60 N. W. 541. (2) A beneficiary named in a fraternal beneficial certificate has only an expectancy which may be divested by the assured at any time; nor has such a beneficiary any vested interest in such certificate. Bacon on Ben. So. (3 Ed.), sec. 304; Masonic Ben. Assn. v. Bunch, 109 Mo. 560. (3) In a beneficiary certificate where the beneficiary named has no vested rights and where she is a mere volunteer, having only an expectancy of which she may at any time be deprived, such contract of insurance, whether a benefit certificate or ordinary policy can be orally assigned and transferred. Ables v. Ackley, 103 S. W. 974; Chapman v. McIlworth, 77 Mo. 38; Hoffman v. Grand Lodge, 73 Mo. App. 47; Lockett v. Lockett, 80 S. W. 1152; Coleman v. Anderson, 82 S. W. 1056. (4) A contract whereby in consideration of marriage the insured agreed to give a beneficial certificate to his wife when such marriage takes place, and the certificate delivered to the wife after his marriage will be enforced although the beneficiary in the policy is not changed in strict conformity to the by-laws of the association. Railroad v. Wolfe, 203 Pa. St. 269, 52 Atl. 247; Carter v. Carter (Ind. App.), 72 N. E. 187; Hill v. Grossbeck, 29 Col. 161, 26 Col. 3; Estate Maderia, 16 Phila. 399. (5) The courts will carry out the intentions of the assured and will hold as done that which ought to have been done. Railroad v. Wolfe, 203 Pa. St. 269, 52 Atl. 247; Davidson v. Knights of Pythias, 22 Mo. App. 263; St. Louis Pol. Assn. v. Strode, 103 Mo. App. 710; Tierney v. Assn., 116 Mo. App. 447; Na. Assn. v. Kirgin, 28 Mo. App. 83; Grand Lodge v. Reneau, 75 Mo. App. 402. (6)

The association before the death of Mr. Ables waived the provision of its by-laws with reference to the manner of change of beneficiary. Grand Lodge v. Reneau, 75 Mo. App. 402. (7) The laws of the association providing for the manner of change of the beneficiary is for the benefit of the society and is not exclusive of other methods. Equity will perfect an imperfect designation. Splawn v. Chew, 60 Tex. 532; Manning v. A. O. U. W., 86 Ky. 136; Aid So. v. Leopold, 101 Pa. St. 111; Grand Lodge v. Child, 70 Mich. 163; Insurance Co. v. White, 20 R. I. 457; Hall v. Allen, 75 Miss. 175; Fuos v. Dietrick, 101 S. W. 291; Grand Lodge v. Coleman, 104 S. W. 906. (8) Under such circumstances the plaintiff obtained an equitable if not a vested interest in said certificate. Benard v. Grand Lodge, 13 S. D. 132; Grimbley v. Grand Lodge, 125 Cal. 24; Webster v. Welch, 57 App. Div. 558; McGrew v. McGrew, 190 Ill. 604. (9) The rights of contending claimants will be determined by principles of equity and the claimant who has the stronger and better equity will prevail. Jory v. Am. L. of Honor, 105 Cal. 20; Hoffman v. Grand Lodge, 73 Mo. App. 47.

*Gamble & Taylor* and *W. J. Costigan* for respondent.

(1) The opinion of this court in Ables v. Ackley, 126 Mo. App. 84, did not render any of the questions in this case *res adjudicata*, because: (a) The order granting the new trial was but an interlocutory order. 1 Cyc. Law Dic., 493, Bouvier's Law Dic., 1906. (b) Rulings upon interlocutory orders are not *res adjudicata*. 23 Cyc., 1126, sub. Judgments "Finality of Determination," 1126 *et seq*. (c) The court on the former appeal decided nothing except that respondent had waived objections to the competency of appellant as a witness, and refrained from passing on the relevancy and sufficiency of her testimony to sustain her cause of

action, saying: The case stands as if it had never been tried. There is no finding and no judgment to give us jurisdiction. Hurley v. Kenally, 186 Mo. 225; 2 Van Fleet's Former Adjudication, sec. 678, p. 1320; Gwin v. Waggoner, 116 Mo. 143; 23 Cyc., p. 1309, sub. Judgments "Incidental and collateral matters." Bird v. Sellers, 122 Mo. 32; Rutledge v. Railroad, 123 Mo. 131; Wilson v. Beckwith, 140 Mo. 369; Baker v. Railroad, 147 Mo. 153; 2 Van Fleet's Former Adjudication, sec. 673, p. 1317, sub. "Evidence different." (2) Appellant was incompetent as a witness and, therefore, her testimony should be ignored by this court, which leaves nothing in the record that could support a judgment in her favor. This is because: (a) She was a party to the contract and cause of action in controversy, and her husband, the other party, was dead. R. S. 1899, sec. 4652. (b) The contract in controversy arises solely from communications between herself and her husband. R. S. 1899; sec. 4656; Herndon v. Triple Alliance, 45 Mo. App. 426. (3) The cross-examination of Mrs. Ables was only as to matters covered by her examination in chief, and, hence, such cross examination did not waive respondent's right to object to her testimony. Johnson v. Johnson, 173 Mo. 92. (4) Appellant could not by the payment of the premiums, even if she had paid them exclusively from her own funds, acquired a vested right in the benefit certificate. R. S. 1899, sec. 1417; Masonic Assn. v. Bunch, 109 Mo. 560; Wells v. Mut. Ben. Assn.; 126 Mo. 630; Burns v. Casey, 70 Tex. 247; Fiske v. Aid Union, 11th Atl. 84. (5) Appellant could not acquire an inchoate right to the benefits which would mature at the death of her husband, except by being named as beneficiary. Masonic Ben. Assn. v. Bunch, 109 Mo. 560; M. W. A. By-Laws, 1895, sec. K. (104) ; M. W. A. By-Laws 1897, sec. 42 (104) ; M. W. A. By-Laws 1899, sec. 41 (106) ; M. W. A. By-Laws 1901, sec. 43 (107-108) ; M. W. A. By-Laws 1903, sec. 43 (108). (6) The order

had the right to prescribe the manner in which the change in beneficiary might be effected and the method which is prescribed is exclusive. Coleman v. Knights of Honor, 18 Mo. App. 189; Kemper v. M. W. A., 70 Kan. 119, 78 Pac. 452. (7) This case does not fall within any of the three exceptions to the rule that the insured is bound to make a change of beneficiary in the manner pointed out by the policy and the by-laws of the association, which exceptions are delineated in the following cases: Supreme Conclave v. Capella, 41 Fed. 1; Assn. v. Kirgin, 28 Mo. App. 80; Kemper v. M. W. A., 70 Kan. 119, S. C. 78 Pac. 452; Coyne v. Bowe, 48 N. Y. Supp. 39. (8) The rights of the beneficiary did not vest until the death of the insured, but then they did vest, and nothing that the society could afterwards do could affect the beneficiary's rights in any way. Grand Lodge v. Ross, 89 Mo. App. 621; McLaughlin v. McLaughlin, 104 Cal. 171; 37 Pac. 865, 43 Am. St. Rep. 83; Wendt v. Legion of Honor, 72 Iowa 682, 34 N. W. 470; Thomas v. Thomas, 131 N. Y. 205, 27 Am. St. Rep. 582; Clark v. Royal Arcanum (Mass.), 57 N. E. 787; Stringham v. Dillon (Ore.), 69 Pac. 1020; Knights of Honor v. Nairn, 60 Mich. 44, 26 N. W. 826; Egan v. Egan, 68 N. Y. S. 777, 58 App. Div. 253; 1 Bacon on Benefit Societies, sec. 307, 759; Coleman v. Supreme Lodge, 18 Mo. App. 189; Head v. Supreme Council, 64 Mo. App. 212; Grand Lodge v. Elsnor, 29 Mo. App. 108; Hysinger v. Sup. Lodge, 42 Mo. App. 627; Hoffmeyer v. Muench, 59 Mo. App. 20; Brower v. Sup. Lodge, 74 Mo. App. 490; Brower v. Sup. Lodge, 87 Mo. App. 614; Supreme Council L. of H. v. Neidlet, 61 Mo. App. 598; Highland v. Highland, 109 Ill. 366.

BROADDUS, P. J.—This is a case of interplea. The admitted facts are that: On the 4th day of June, 1896, the Modern Woodmen of America issued to Alexander Ables a benefit certificate providing for the pay-

ment at his death of the sum of two thousand dollars to the defendant, his daughter, then Ila Fern Ables, now Ackley. On December 24, 1901, the insured married the plaintiff, Jennie Ables. In January, 1904, Alexander Ables died and in a short time thereafter plaintiff brought suit against the society and defendant. After a demurrer had been sustained to the petition, plaintiff filed an amended petition, after which the society paid the indemnity into court and the controversy henceforward was between the plaintiff and defendant, Ila Ackley.

The plaintiff seeks to recover on the ground, that, at the time of her marriage with Ables, it was agreed by him that, in consideration thereof, she was to become the beneficiary in the certificate upon the agreement on her part that she was to keep all dues and assessments against the same paid and thereby keep it in force; and that she performed on her part all the obligations of said agreement. That Ables, intending, according to his agreement, to have the certificate changed so as to make her the beneficiary, applied to the society for that purpose, but, as he did not have the certificate with him, the clerk of the society refused to make the change; and that thereafter the matter was neglected and the change was not made.

The plaintiff was introduced as a witness and was allowed, in the first place, over the objections of defendant, to state in detail the matters we have recited as the facts upon which she relied to recover. The court, however, reserved the right to pass upon her competency as a witness. Her evidence was finally rejected on the ground that she was incompetent to testify as to what took place between herself and Ables, the other party to the contract, he being dead, and as to what he said to her after the marriage.

The plaintiff challenges the correctness of the ruling on the ground that the question of her competency

was adjudicated when the case was before this court on a former appeal, wherein it was held that she was a competent witness to testify to said facts. The case is reported in 126 Mo. App. 84. It was so held, but not on the ground that plaintiff was a competent witness, but that defendant had waived the objection by cross-examining her as to such facts after the court had ruled that she was incompetent. Therefore, the question was not before the court on the original proposition as to her competency as a witness. We believe that no one will contend that, as a matter of law, she was a competent witness for the purpose of testifying as to the marriage contract and as to what took place between herself and husband after marriage.

It is a general rule that a question arising on a former appeal will be deemed *res adjudicata* only when it must have been fairly presented to the court as necessary to a decision of the case and directly considered and decided. [Gwin v. Waggoner, 116 Mo. 143.]

It was made to appear that before the marriage plaintiff kept a boarding house in Kansas City; that Ables boarded with her; that, during which time, she went on a visit to her sister at Denver, to which place Ables followed her, where the marriage took place in a short time after his arrival; and that, afterwards, she and her husband returned to Kansas City where she continued to keep boarders.

Plaintiff introduced the evidence of competent witnesses, which tended to prove the marriage agreement as hereinbefore stated. That Ables delivered to her the certificate and told her that it was hers; that she paid the assessments and kept the certificate in force; that Ables on one occasion applied to have a new certificate made out designating her as the beneficiary, but that the clerk of the Camp refused to issue such new certificate because he had failed to produce and surrender the old one; and that the association knew that plaintiff was

paying the dues and assessments against the certificate. There is a by-law of the association, which provides that no change in the beneficiary "shall be effective" until the old certificate shall have been surrendered to the head clerk of the local Camp and new certificate issued, until which time the old certificate shall remain in force. The finding and judgment of the court were for the defendant, from which plaintiff appealed.

We think it should be conceded that there was sufficient evidence to show that plaintiff was to have the benefit of the insurance as a consideration for her marriage to Ables and that on her part she would make payment of all dues and other charges to keep the benefit certificate in force; and that she performed her part of the contract, but that Ables failed and neglected to have her name substituted in a new certificate as the beneficiary. It has been held that a member of a benevolent association has the power to designate his beneficiary by will, in the absence of any formalities for a change of beneficiary. [Masonic Ben. Ass'n v. Bunch, 109 Mo. 560.] The defendant draws the inference from the language of the opinion that, when such formalities are required by the laws of the association, a change of beneficiary could not be made by will, but the change must be made in the form prescribed. And it is held that, "The adoption of a particular method of changing a benefit certificate under the powers and within the limits of the charter of a benevolent benefit society, is the exclusion of all other methods." [Coleman v. Knights of Honor, 18 Mo. App. 190.] And so it is held in Head v. Council of Catholic Knights, 64 Mo. App. 212; Grand Lodge v. Ross, 89 Mo. App. 621.

While such is the general rule, it is held that there are exceptions. For instance, anterior to the death of a member, the society, for whose benefit only the rules governing changes of beneficiaries are made, may waive compliance with such rules on the part of its members,

and thus validate attempts to change beneficiaries which would be ineffectual under the strict rules of the society. [St. Louis Police Relief Ass'n. v. Strode, 103 Mo. App. 694.] In a recent decision of the Supreme Court, which was certified to that court by the St. Louis Court of Appeals, the opinion of the Court of Appeals was sustained, wherein it is held that, where an association's rules and regulations provide a specific method for changing beneficiaries, "they must be substantially complied with." But "strict compliance with regulations for a change of beneficiaries, intended solely to protect the association, may be waived by it when a beneficiary has no vested right in the certificate." [Grand Lodge v. McFadden, 213 Mo. 269, 111 S. W. 1172.] In Hall v. Allen (Miss.), 22 So. 4, it is held, that a payment into court of the indemnity fund by the society was a waiver by the order so far as its rights were concerned of conformity of the change in the benefit certificate. And it is so held in Manning v. O. of U. W. (Ky.), 5 S. W. 285. In Fuos v. Dietrich (Texas), 101 S. W. 291, it is held, that, a strict compliance with the rules of the order is not necessary to validate a change of beneficiaries. In that instance a change was made, but not in the exact mode prescribed, the court holding that "the instrument was in effect, as against the old beneficiary, a substitution of a new beneficiary, the provision for a particular manner of evidencing any change in beneficiary being for the benefit of the company which alone could claim it."

It becomes us to follow the rule as announced in Grand Lodge v. McFadden, *supra,* as the latest expression of the Supreme Court, which in effect requires that for a change of beneficiaries the rules of the order must be substantially complied with. Tested by this rule, it cannot be said that Ables, in delivering the certificate to plaintiff and afterwards going to the clerk of the order and asking that plaintiff be substituted as the

beneficiary without surrendering the certificate, in any sense complied with the regulations of the society. We can conceive of no mode for a change of beneficiary that would be effectual other than by some act at least in compliance with the rules of the order.

The plaintiff relies greatly upon the case as made out, that by the terms of the marriage contract, with which she has fully complied, she was to be the beneficiary and to pay the dues and keep the certificate in force. Ordinarily, under such a state of facts, equity would be on her side and afford her redress. But it must be remembered that beneficiary certificates are not properties in the usual sense of the term. It is conceded on all sides that beneficiaries have no vested interest in such certificates until the death of the member. And further, that the members themselves have no property rights whatever in the indemnity, but only the naked power to designate the beneficiary. [1 Bacon, Benefit Societies and Insurance, p. 526, section 237.]

The cause is affirmed. All concur.