L. F. LONDRY, Appellant, v. SOVEREIGN CAMP OF WOODMEN OF THE WORLD; THOMAS WILSON, Administrator, Respondent.

**Kansas City Court of Appeals, January 10, 1910.**

1. **INSURANCE: Fraternal: Change of Beneficiary.** The insured member of a fraternal society may change his beneficiary at will if he acts according to the rules and regulations of the association providing for the change.

2. ————: ————: ————: ————. The adoption by the association of a particular method of changing a beneficiary is the exclusion of all other methods.

3. ————: ————: **By-Laws.** A by-law providing that the society shall not contest the payment of a beneficiary certificate, except on one specified ground, after it has been in force five years, has no application to a case where the society admits

its liability and only asks the court to adjudge to which of two claimants the benefit shall be paid.

4. ———: ———: ———: **Waiver.** After the death of the insured the society had no power to waive a by-law providing for the method by which a beneficiary should be changed.

5. ———: ———: **Vested Interest.** The insured did not have such vested interest in the benefit certificate as enabled him to deal with it as with other property owned by him.

Appeal from the Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*S. M. Hutchinson* for appellant.

(1) The defendant Woodmen of the World cannot defend this case on the ground that plaintiff was not named beneficiary in accordance with its by-laws. Because it agreed in its contract not to do so. Because it agreed in a subsequent by-law that it would not contest its payment on that ground after the policy had been in force five years. Williams v. Insurance Co., 189 Mo. 70; Levine v. Knights of Pythias, 122 Mo. App. 547. Because, by its pleading, it has waived the right to do so. What constitutes a waiver. Murmann v. Wissler, 116 Mo. App. 403; Reed v. Bankers' Union, 121 Mo. App. 419; Lee v. Hassell, 39 Mo. App. 67; Burgess v. Town Mut. Co., 114 Mo. App. 180; Loesch v. Union Casualty Co., 176 Mo. 654; Koeper v. Royal Invest. Co., 102 Mo. App. 543. Waiver need not be pleaded. Andrews v. Fidelity Mut. Co., 168 Mo. 157. The order had the right to waive compliance with its by-law. Aid Society v. Lupold, 101 Pa. St. 111; Fuas v. Deterich, 101 S. W. 293; Coleman v. Anderson, 82 S. W. 1057; Railroad v. Wolf, 52 Atl. 247; Manning v. Grand Lodge, 86 Ky. 136; Adams v. Grand Lodge, 105 Cal. 321; Hall v. Allen, 75 Miss. 175. (2) The evidence in support of plaintiff's claim consists of documentary evidence

of such character as would justify the court to declare it conclusive as a matter of law. Stronge v. Supreme Lodge K. of P., 82 N. E., 433; Masser v. Brown, 29 Pa. St. 128; Trumbo v. Flournoy, 77 Mo. App. 328. (3) If the documentary evidence is not conclusive that Will Nall referred to the Woodmen policy in controversy, then the question should have been submitted to the jury for its determination. Taylor v. Steamboat, 20 Mo. 254; Trumbo v. Flournoy, 77 Mo. App. 324. (4) Plaintiff is entitled to the fund in controversy because Will Nall expressed, in writing, his desire and intention that she should receive it. Lockett v. Wood. of World, 80 S. W. 1152; Hoffman v. Grand Lodge, 73 Mo. App. 47; Grand Lodge v. Reneau, 75 Mo. App. 409; Adams v. Grand Lodge, 105 Cal. 321; Bernard v. Grand Lodge, 13 S. D. 132; Hall v. Allen, 75 Miss. 175.

*George H. English* for respondent, Wilson, Admr.; *A. H. Burnett* and *McCune, Harding, Brown & Murphy* for respondent, Woodmen.

(1) Plaintiff's petition is bottomed on the assignment to her of the certificate. The proof failed. There was no assignment made, nor attempted to be made, nor desired by Nall. Modern Woodmen v. Puckett, 94 Pac. 132; Rollins v. McHatton, 16 Col. 203; Wendt v. Legion of Honor, 34 N. W. 470; Supreme Conclave v. Capella, 41 Fed. 1; Kemper v. M. W. A., 70 Kan. 19; Grand Lodge v. O'Malley, 114 Mo. App. 191; McLaughlin v. McLaughlin, 7 Pac. 86; Grand Lodge v. Ross, 89 Mo. App. 621; Sup. Tent v. Altman, 114 S. W. 1107. (2) It is admitted that there was no evidence that Nall even agreed to assign the certificate to plaintiff in consideration of her promise of marriage. There was no waiver of the order's right to pay the proper person and defend against paying the improper person the fruits of the certificate. At the death of Nall the rights of his mother became vested and the order had no right to make claim waiver. Wendt v. Legion, 72 Iowa 682;

Fairbank v. Baskett, 98 Mo. App. 64; Hofman v. Grand Lodge, 73 Mo. App. 54; Grand Lodge v. Reneau, 75 Mo. App. 409; McLaughlin v. McLaughlin, 104 Cal. 171. (3)  The appeal should be dismissed for failure to set forth in the abstract of record the affidavit for appeal or the substance thereof.  (4)  A person may become the beneficiary in a benefit certificate under such circumstances that they will acquire a vested interest in it. Hill v. Graesbeck, 29 Col. 161; Carter v. Carter, 72 N. E. 187; Railroad v. Wolf, 203 Pa. St. 268, 52 Atl. 247; Grimbly v. Grand Lodge, 125 Cal. 24, and cases cited under two preceding headings.  (5)  Beneficiaries named as a voluntary and gratuitous act are the only ones who do not acquire a vested interest.  Jory v. Legion of Honor, 125 Cal. 20.  (6)  It is now held that even the member has a vested right in his contract of insurance, which the courts will protect.  Lewine v. Supreme Lodge, 122 Mo. App. 555; Zimmerman v. Supreme Tent, 122 Mo. App. 597.

BROADDUS, P. J.—This suit is to recover on a benefit certificate issued by the Woodmen of the World to William H. Nall, for the beneficiary therein named Malvina E. Nall, his mother, on the 16th day of July, 1894. The insured died in March, 1906, in good standing having paid all his dues to the society up to that time. Mrs. Nall, the beneficiary, died within a few days thereafter.

The plaintiff claims the benefit of the insurance on the following grounds, viz.:  That during the fall of 1895, she received and accepted an offer of marriage from the insured; that at all times since said date said insured acknowledged her as his affianced wife; and that at the time of her acceptance of said offer of marriage and in consideration of her promise and for other good and valuable considerations he agreed to and did name plaintiff as the beneficiary in said certificate and informed her that under the laws and by-laws of the

society said certificate was payable to her at his death. She further claims that since the date of her engagement to the insured she loaned him divers sums of money aggregating more than $1,000, which were evidenced by his promissory notes; and that in consideration for such loans he made a written assignment of the benefits of the certificate to plaintiff.

The evidence shows that plaintiff loaned the insured divers sums of money. On December 14, 1895, he borrowed from her $310, due in one year for which he executed his promissory note. At one other time he borrowed $50, and at another time $360, for which he merely acknowledged receipt by memorandum in writing. On December 14, 1898, he borrowed $100, as evidenced by a writing as follows:

"I borrowed from Miss L. F. Londry, 1233 Grand Avenue, Room 16, my intended wife, the sum of one hundred dollars, for which all money I have borrowed from her is covered by an insurance policy which I want her to have in case of my death..

"W. H. NALL."

There was abundant evidence going to show that an engagement to marry existed between the two, and the reason he gave for not consummating it was, that he could not afford to do so while his mother lived as he would have to support her.

There was no proof of assignment by the deceased to the plaintiff of the benefit certificate, nor was there any tending to show that he at any time made any promise to that effect, or that the society knew of the relation existing between him and plaintiff.

The defendant acknowledged its liability, but denied that plaintiff was entitled to the benefits of the certificate, and set up that it was payable to Thomas Wilson, the administrator of the estate of Malvina E. Nall, the beneficiary named. Wilson voluntarily ap-

peared and entered his appearance and claimed the benefits as such administrator.

The defendants offered no evidence. The court instructed the jury to return a verdict in favor of the administrator and against plaintiff, and against the defendant society for the face of the policy and interest. The jury returned a verdict as directed, upon which judgment was entered and plaintiff appealed.

If the plaintiff was affianced to be married to the deceased she was a proper subject as a beneficiary, and that she was so we think, is established by the evidence.

The certificate was issued and accepted subject to the constitution, laws and by-laws of the association. In the by-laws of the association it is provided that: "Should a member desire to change his beneficiary or beneficiaries, he can do so upon the payment of a fee of one dollar and the surrender of his certificate to the clerk of his camp with the desired change noted thereon. The certificate and fee shall be forwarded to the sovereign clerk or head clerk, who shall issue and return a new certificate as requested." The deceased did not as we have seen at any time attempt to comply with the law in order to change the beneficiary in his certificate from that of his mother to the plaintiff.

It is well-settled law, that the insured has no vested interest in the certificate, but he may change his beneficiary at will, if he does so according to the rules and regulations of the association providing for such change. [Grand Lodge A. O. U. W. v. O'Malley, 114 Mo. App. 191.] The statute provides in cases where the beneficiary contracts to pay the member's assessments and dues and does either, does not deprive the member of the right to change the name of the beneficiary or revoke the certificate, provided that such change or revocation be done in the manner provided by the laws of the association. [R. S. 1899, sec. 1417.] We have understood always that in order to change the beneficiary, the insured must substantially comply with the provisions of

the laws of the order of which he is a member, providing for such change; and that the adoption of a particular method of changing a benefit certificate, is the exclusion of all other methods. [Coleman v. Knights of Honor, 18 Mo. App. 189; Head v. Council Cath. Knights, 64 Mo. App. 212.]

The plaintiff seeks to avoid the effect of the said law of the association on the ground that the association waived compliance therewith in a subsequent by-law. It reads: "After a beneficiary certificate shall have been in force for five consecutive years immediately preceding the death of a member, the sovereign camp shall not contest its payment on any grounds whatever, except the sovereign died by the hands of the beneficiary, or beneficiaries named therein and it be clearly shown that the same was not an accident." We cannot see that this by-law has any application to the case as the defendant is in no way contesting its liability, but on the contrary admits that it is liable. The defendant only asks that the court adjudge to whom the benefit shall be paid.

The plaintiff contends that the defendant association by its original answer waived a compliance with said law. We have examined the answer and we find nothing therein that in the least degree tends to show any such waiver, and besides it did not have the power to do so after the death of the member.

Much of plaintiff's argument is taken up with her contention that the member had a vested interest in the benefit certificate in question and could therefore deal with it as with other property belonging to him, and has cited authorities tending to support her views, but as such is not the law in this State as we have shown, we refrain from comment on this position. We do not believe there is a single debatable question raised on the appeal. Affirmed. All concur.