FLORA HENDERSON, Appellant, v. MODERN WOODMEN OF AMERICA, Defendant; VER-GIE AND LAWRENCE MERCHANT, Inter-pleaders, Respondents.

Kansas City Court of Appeals, April 1, 1912.

FRATERNAL BENEFICIARY ASSOCIATIONS: Change of Benefi-ciary. A benefit certificate was issued to plaintiff's son, before his marriage and she was designated as beneficiary. There-after when the son was sick and learned that he was about to die, he concluded to change the beneficiary from plaintiff to his wife and son, but the certificate was in the possession of the plaintiff who lived many miles away and there was not sufficient time to go after it or the camp clerk. The son then had written a request for such change. This was not a strict compliance with the laws of the order relative to change of beneficiary, but was all that could be done under the circum-stances. *Held*, that the wife and son were entitled to the proceeds of the certificate.

Appeal from Vernon Circuit court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*M. T. January* for appellant.

(1) The statute of Missouri governing this case authorizes a change of beneficiary, provided it is done in the manner directed by the by-laws of the associa-tion. R. S. 1899, sec. 1417. (2) In the absence of a statute governing the matter if the right to change the beneficiary is reserved to the assured in the benefit cer-tificate, by complying with the by-laws of the associa-tion, such reservation would be binding on the bene-ficiaries, but if the by-laws provided a specific method of effecting a change of beneficiary, it cannot, subject to well-settled exceptions, be done any other way. Ba-con on Benefit Societies, sec. 307; May on Insurance (4 Ed.), sec. 399, "O," page 908; Niblack on Benefit

Societies (2 Ed.), secs. 218-220, page 415; Coleman v. Knights of Honor, 18 Mo. App. 189; Ables v. Ackley, 133 Mo. App. 594. (3) Unless a new certificate is actually issued, the member must substantially follow the by-laws to effect a change of beneficiary Coleman v. Knights of Honor, 18 Mo. App. 189; Ables v. Ackley, 133 Mo. App. 594. (4) While the beneficiary has no vested interest in the certificate, he has a right to require the change to be effected in the prescribed manner. Coleman v. Knights of Honor, 18 Mo. App. 189; Niblack on Benefit Societies (2 Ed.), sec. 218, p. 415; Head v. Supreme Council, 64 Mo. App. 212. (5) The proceeds of a benefit certificate cannot be passed by will, where the by-laws provide a method of effecting a change of beneficiary. Ben. Asso. v. Bunch, 109 Mo. 560; Niblack on Benefit Societies (2 Ed.), sec. 220, p. 420. (6) While the by-laws of a society prescribing the method of changing a beneficiary may be waived by it, a waiver will not be declared effected unless the member has done all he could, and a failure to issue a new certificate is due in some measure to the act of the society or its officers. Ables v. Ackley, 133 Mo. App. 594; Relief Asso. v. Tierney, 116 Mo. App. 447.

*W. O. Jackson* for respondents.

The formalities required by the by-laws of Modern Woodmen of America are for its protection and the beneficiary named in the certificate cannot complain if they are not complied with in changing beneficiary by the insured. Fuos v. Deitrich, 101 S. W. 291; Spawn v. Chew, 60 Texas, 533; 29 Cyc. 118, 119; A. O. U. W. v. McFadden, 213 Mo. 287, 288. The request of M. W. A. in its answer and payment of the money into court was a waiver by it so far as its rights are concerned of conformity of the change in the benefit certificate. Manning v. O. of U. W., 5 S. W. 285. Equity will not adhere to strict rules but will follow

the intention of the insured.  Walsh v. Trust Company, 148 Mo. App. 179; Relief Association v. Strode, 103 Mo. App. 710.

BROADDUS, P. J.—This suit was instituted against the Modern Woodmen of America by Flora Henderson on a benefit certificate issued to Albert Merchant and payable to the plaintiff, his mother.  The Modern Woodmen of America answered by bill interpleading Vergie and Lawrence Merchant, claimants of the benefits under the certificate, and paid the money into court.  Vergie and Lawrence Merchant interpleaded for the fund and on the trial were successful, and the plaintiff appealed.  The respondent, Vergie, was the wife and the respondent, Lawrence, was the son of the insured.  Albert, before his marriage, became a member of the local Woodmen Camp, at Rich Hill, Missouri, and took out the certificate in question August 30, 1908, payable to Flora Henderson, his mother.  Albert Merchant died May 8, 1911, and it is claimed by the respondent interpleaders that he changed his beneficiaries to his wife and son before his death.

The evidence showed that it was the intention of the deceased to take out another policy for the benefit of his wife and son, but he failed.  Not having taken out such other insurance, when he became sick and learned from his doctor that he could not recover, he concluded to change the beneficiary in the certificate from plaintiff to respondents.  A short time before he died he requested that some one would go to the camp clerk, who lived thirteen miles distant, so he could have him change the certificate and make it payable to his wife and child, but no one went.  The plaintiff lived thirteen miles away and there was no time in which to go to her and obtain the certificate.  He then requested his brother-in-law, John A. Edwards, who was present, to write the following paper:

"Rockville, Mo., Monday, May 8th, 1911.

I, Albert Merchant, being sick in a dangerous condition and desiring to change my beneficiary of policy of M. W. of A. from Mrs. A. W. Henderson, to my wife and child, Mrs. Vergie M. Merchant and Lawrence E. Merchant, half of policy to each. This being my earnest request.

      Signed.                 ALBERT A. MERCHANT."

The paper was signed by a mark, the doctor holding and steadying the man's hand, who was in a very feeble condition, and died shortly thereafter The paper was delivered to the local camp. There is evidence to the effect that plaintiff when shown this paper expressed her satisfaction at the change, but she testified that she did not remember that she did.

Sections 47 and 48 of the by-laws of the defendant organization in force at the time of the issuance of the certificate and at the time of the member's death provided for the manner in which a change of beneficiary shall be made. They are as follows: "If a member in good standing at any time desires a change in his beneficiary or beneficiaries, and to obtain a new certificate, he shall pay to the camp clerk a fee of fifty cents and deliver to him his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the beneficiary or beneficiaries. The execution of such surrender clause by the Neighbor shall be in the presence of, and attested by, his camp clerk. If, however, the member be so situated that he cannot execute the said surrender clause in the presence of the clerk of his camp, the signature of the member thereto may be attested by the jurat or acknowledgment of any person authorized by law to administer oaths and take acknowledgments, and the same shall be forwarded to the clerk of his local camp. The local clerk shall deposit one-half of said fee of

fifty cents in the general fund of the camp, and forward said certificate, with said surrender clause endorsed thereon, and the remaining half of said fee to the head clerk, who shall thereupon issue a new benefit certificate payable to the beneficiary or beneficiaries named in said surrender clause, depositing the fee of twenty-five cents in the general fund of the society. No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate issued during the lifetime of the member, and until such time the old certificate shall remain in force. The new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in section 45 hereof. No change in the designation of the beneficiaries shall be of binding force unless made in compliance with this section.

"In case a benefit certificate is lost, destroyed, or beyond the member's control, he may, in writing, on form furnished by the head clerk, waive all claims thereunder, designate the same or some other beneficiary, the same or a smaller amount of benefit, and have a substitute certificate issued by filing the said waiver with and paying to his camp clerk a fee of fifty cents. Thereupon the camp clerk shall forward to the head clerk said waiver and one-half of said fee, whereupon a substitute certificate shall be issued as requested. No change in the designation of beneficiary or beneficiaries shall be effective until a new certificate shall have been issued during the lifetime of the member, and until such time the provisions of the old certificate shall remain in force."

It is not claimed that any of the conditions of said sections were complied with in order to obtain a change of the beneficiary of the certificate, but it is insisted that everything was done that could have been done under the circumstances. This court held in A. O. U. W. v. Ross, 89 Mo. App. 621, that in order to procure a change of beneficiaries there must be a

strict compliance with the forms prescribed for such change to the exclusion of all other methods. But that holding was overruled in A. O. U. W. v. McFadden, 213 Mo. 269, where it is held that a substantial compliance with such form for change of beneficiary was sufficient. However, in that instance, the change was made substantially in conformity to the by-laws of the order. It is there held, and in all other cases on the subject, that a beneficiary has no vested right in such a certificate and that the insured may change the beneficiary according to the laws of the order. There the laws of the order provided that a member desiring to make a new designation as to the payment of the certificate may do so by authorizing such change in writing on the back of the certificate in a certain form, and attested by the recorder with a seal of the lodge, etc. The certificate was not in the possession of the member and, as he could not comply with the by-laws, the change was made on the back of a duplicate certificate with the approval of the association. Under such circumstances the holding was, as stated, that the member had done all he could do; that he had substantially complied with the regulations of the order for a change of beneficiary and that the association had waived a strict compliance with such regulations.

The question again arose in Ables v. Ackley, 133 Mo. App. 594, where it is held, "that the member's promise and intention to transfer the certificate to another, although it was well known to the society with notice that the new beneficiary was paying the dues thereon, was not sufficient to waive compliance with the by-laws and transfer the certificate to the new beneficiary." There the member had attempted to make the change, but he failed to do so. The by-laws of the order provided that no change in the beneficiary "shall be effective" unless the old certificate shall have been surrendered to the head clerk of the local

camp and a new certificate issued, until which time the old certificate shall remain in force. The member had the certificate in his possession, but failed to produce it before the clerk, and the clerk refused to issue a new certificate. This court held that there was no change of beneficiary under the circumstances, there being no waiver by the association.

In Walsh v. Trust Co., 148 Mo. App. 179, the rules of the order required that if the member desired to change the beneficiary he could do so by forwarding the certificate to the proper authority with a request written thereon, giving the name of the new beneficiary. A member, who did not have the certificate, executed an instrument asking for a change of beneficiary. The instrument was sent to the proper authority and it returned the same with the statement that the request for the change be filled out on the official blank of the order, which was inclosed. The member died before the official blank was received. The proceedings in that case were in equity, and it was held that the member did all he could to effectuate a change in the beneficiary. And it is held: "Where . . . directory provisions with relation to designating a beneficiary were never lived up to by the association, nor required of members, a strict compliance with them on the part of a member was waived." [Police Relief Ass'n v. Tierney, 116 Mo. App. 447.]

It is plain that under the law, as interpreted by the Supreme and appellate courts of this state, that strict compliance with rules requiring a change in a benefit certificate is not required, but that a substantial compliance with such rules is sufficient. That all that is required is that the member do all that is reasonably in his power to effectuate his purpose to accomplish such change.

By said section 48 of the by-laws of the order it is provided, among other things, that if the benefit certificate "is lost, destroyed, or beyond the member's

Henderson v. M. W. A.

control, he may, in writing, on form furnished by the head clerk waive all claims thereunder, designate the same or some other beneficiary," etc. At the time the deceased undertook to make the change, the certificate was not in his possession or under his control, and he could not strictly comply with the required formality mentioned, but he did all he could under the circumstances to effectuate his purpose in executing the writing designating his wife and son as his beneficiaries. As against the company this was not sufficient, but as it does not insist upon a strict compliance with the by-laws, and has paid the money into court and asked that the court determine who shall receive the benefits in order that it may be protected from the adverse claims of the plaintiff and interpleaders, it thereby waived a strict compliance with said by-laws. The law is that such by-laws are made solely for the benefit of such organization, and as the plaintiff, the beneficiary named in the certificate, had no vested interest in the benefits she can have no good reason to complain on the ground that the by-law in question was not strictly complied with. Under the recent decisions of the courts of the state, we feel compelled to hold that the interpleaders were entitled to the fund in controversy. Affirmed. All concur.