DAVID JACKSON et al., Respondents, v. BROTHER-
HOOD OF AMERICAN YEOMEN, Defendant;
WALTER S. HILL, Interpleader, Appellant.

**Kansas City Court of Appeals, November 11, 1912.**

1. **BENEVOLENT ASSOCIATIONS: Beneficiary: Change: Agent: Waiver.** A wife was a member of a benevolent association, which issued to her a certificate of life insurance in which her husband was beneficiary. By the rules of the association, a change of beneficiary could be made by returning the certificate to an agent of the association with written request endorsed on the back, and paying a fee therefor. The wife was fatally sick and her husband deserted her. Within a few days she sent for the agent and gave her the certificate in an envelope and directed a change from her husband to her father, mother and children. The agent wrote the names and addresses on the back of the envelope, accepted the fee, and took it away without the wife signing. It was *held* that the wife's formal written request, signed by her, was waived.

2. ———: ———: ———: **Rules: Substantial Compliance.** Compliance with the rules for change of beneficiary in a certificate of insurance, is necessary, but substantial compliance in circumstances which reasonably excuse literal compliance, is sufficient.

3. ———: ———: ———: **Evidence: Prima Facie Case.** Evidence that a person represented himself to be an agent and for a long time had collected dues and given receipts on printed blanks to certificate holders, establishes an agency prima facie.

4. ———: ———: ———: ———: ———. Where an agent accepts the fee and carries away a benefit certificate as though a change of beneficiary has been properly requested by the member, for the purpose of having another agent certify to the change and return the certificate, the change will be considered as made, though the certificate was not returned by the last named agent.

Appeal from Sullivan Circuit Court.—*Hon. Fred. Lamb,* Judge.

AFFIRMED.

*John W. Bingham* and *Earl F. Nelson* for appellant.

(1)   A change of beneficiary in the certificate of a beneficial association must be made in the manner provided by the by-laws, subject to three exceptions: First, where the association has waived strict compliance with the by-laws before the rights of the original beneficiary have become vested; second, where it is beyond the power of the insured to comply strictly with the by-laws, a court of equity will treat the change as legally made, where all is done that was possible to be done; and third, where the insured has pursued the course provided by the by-laws, and has done all in his power to change the beneficiary, but dies before a new certificate is actually issued or the change actually indorsed on the certificate by the proper officers, a court of equity will treat such certificate as issued or the change made.   Supreme Conclave Royal Adelphia v. Capella, 41 Fed. (C. C.) 1; Grand Lodge, A. O. U. W. v. McFadden, 213 Mo. 629; Ables v. Ackley, 133 Mo. App. 594; Supreme Tent Knights of Maccabees v. Altman, 134 Mo. App. 363; Walsh v. Sovereign Camp, Woodmen of the World, 148 Mo. App. 179. The evidence shows that insured failed to indorse on her certificate, which was in her immediate possession at the time of the attempted change of beneficiary, her written request for such change stating the names of the proposed new beneficiaries and the relation they bore to insured, and the evidence does not show any reason for such failure.   Ables v. Ackley, 133 Mo. App. 594; Flowers v. Sovereign Camp, Woodmen of the World, 90 S. W. (Tex. App.) 526; Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; Independent Order of Forresters v. Keliher, 36 Ore. 501, 59 Pac. 324, 1109; Gordon v. Gordon, 117 Ill. App. 71; Abbott v. Supreme Colony Order of Pilgrim Fathers, 190 Mass. 67, 76 N. E. 34; Shuman v. A. O. U. W., 110 Iowa 642, 82 N. W. 331.   The fact

that in attempting to change the beneficiary, the insured failed to comply with the by-laws by reason of her failure to understand her contract, or by reason of the ignorance of the local officers of such by-laws and their duties in the premises, will not excuse such failure to comply with the by-laws. Independent Order of Forresters v. Keliher, 36 Ore. 501, 59 Pac. 324, 1109; Sterling v. Woodmen of the World, 28 Utah, 505, 526, 80 Pac. 1110.

*G. W. Clapp* and *D. M. Wilson* for respondents.

(1) The beneficiary during the life of the certificate holder has no vested interest or property right to the benefit provided for in the certificate, and the holder may change such beneficiary at any time without the latter's consent. Woodmen of the World v. Broadwell, 114 Mo. App. 471; A. O. U. W. v. McFadden, 213 Mo. 269. (2) When the member has made formal application for a change in the beneficiary and has done all that was in his power to do to comply with the by-laws regulating the manner of making such change, a nonobservance of such of the regulations of the order as are for the sole protection of the order or its officers is waived by it, and the benefit will be held by a court of equity to belong to the beneficiary designated in the changed certificate. A. O. U. W. v. McFadden, supra. (3) As a general rule the regulations of a mutual insurance order respecting a change of beneficiaries should be followed, but there are exceptions, as where the society waives a strict observance of its own rules, or when the insured has done all in his power to make such change. Relief Association v. Strode, 103 Mo. App. 694. (4) Strict compliance with the rules of a mutual benefit association for making a change of beneficiaries is not necessary, a member being only required to substantially comply therewith. Henderson v. Modern Woodmen, 163 Mo.

App. 186. (5) Equity as between the original and new beneficiaries would enforce the intent of the member to make a change of beneficiaries though death intervened before he could conform with the rules and formally express his intention. Walsh v. Trust Co., 148 Mo. App. 179.

ELLISON, J.—Mary E. Hill was a member of the Brotherhood of American Yeomen and there was issued to her, as such member, a certificate of insurance for $1000 payable to her husband at her death. She died on the 30th of April, 1910. Her father, mother and her three small children claim that a few days before her death she changed the beneficiary from her husband to them. The association paid the money into court and asked that the surviving husband and these parties be required to interplead and that their rights be determined by the court. The judgment was for the father, mother and the children.

It appears that the rules of the association permitted a change of beneficiary by returning the certificate "to the correspondent of his homestead together with his written request indorsed thereon; . . . Said request shall be accompanied by a fee of fifty cents and the chief correspondent shall indorse on said certificate said change, and return it to the member."

The Hills lived in Kansas, and her father and mother lived in Sullivan county, Missouri, near the center of the north part of the state. She had been in failing health a long time before her death. Her husband deserted her and she found she would have to go to her father's. On the 28th of April she requested her brother to get her certificate from the bank where she left it for safe-keeping. She also sent word to a Mrs. Dairy, who was "correspondent of her homestead," to come to see her. When the latter came, Mrs. Hill told her she wanted the beneficiary changed

from her husband to her father and mother and her three children. She gave Mrs. Dairy the certificate and names, and the latter wrote them on the back of the envelope containing the certificate, with their post-office address. She also paid to Mrs. Dairy the transfer fee of fifty cents. The latter then left, taking the certificate with her. Two days afterwards, on the morning of the 30th of April, Mrs. Hill and the children were taken to a railroad station and departed for Sullivan county, where they arrived at her father's house that evening. She died within an hour or two after.

It will be noticed that the direction for change of beneficiary fell short of the requirement of the rule, in that there was no written request from Mrs. Hill for the change and the "chief correspondent" did not indorse the change on the certificate and return it to Mrs. Hill. Notwithstanding this, we think the change was sufficiently evidenced to entitle the father, mother and children to the insurance, and to justify the association in paying to them. The correspondent was made the agent of the association to take the request for a change, to receive pay therefor and convey or send it to the "chief correspondent," whom we assume to be a different person from the "correspondent of the homestead." It was the duty of the chief correspondent to indorse the change and return to the member. This was not done. So it appears that every irregularity was caused by the association's agents, unless it be that of failure to make the request in writing. But, practically speaking, that also was a failure caused by the association's agent. She received the request by writing on the envelope in which the certificate was, accepted the fee therefor and took the certificate away with her. She accepted the written indorsement made by herself as Mrs. Hill's written request. Mrs. Hill was thereafter helpless. She could not force the "chief correspondent" to indorse the

change on the policy and return it to her. No complaint was made to her that the writing was not signed by her.

It is clear that the husband, as original beneficiary, had no vested interest in the certificate and that Mrs. Hill had a right to change it. [Woodmen of the World v. Broadwell, 114 Mo. App. 471.] The only question is, did she change it in substantial compliance with the rules of the association, or within any of the exceptions to literal compliance. In Grand Lodge, A. O. U. W., v. McFadden, 213 Mo. 269, it is said that: ''The general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association is subject to three exceptions.

''1st. If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured, to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued.

''2d. If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made.

''3d. If the insured has pursued the course pointed out by the laws of the association and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will treat the certificate as having been actually issued.''

Literal exactness is not required. [Henderson v. M. W. A., 163 Mo. App. 186.]

The correspondent who came to Mrs. Hill's house was the association's agent; and we think there is no doubt but that the association, through such agent, waived the signature of Mrs. Hill to the writing made by the agent; and that by indorsing the writing or notation for change on the back of the envelope, it

waived indorsing it on the back of the certificate inside the envelope.

But it is said that there was nothing to show that Mrs. Dairy was in fact the correspondent of the association except what she herself stated and represented. There was more than that. She had collected dues from Mrs. Hill and given receipts on printed blanks at different times prior to this; and these were evidently received by the association, as no complaint was suggested of any default in payment. This was sufficient to justify a finding of her official position.

We have been cited to Ables v. Ackley, 133 Mo. App. 594; Londry v. Sovereign Camp, 140 Mo.. App. 45; Order of Foresters v. Keliher, 36 Ore. 501; Abbott v. Supreme Colony, 190 Mass. 67; and Shuman v. A. O. U. W., 110 Ia. 642. But there are many distinguishing features between those cases and this. In this case the desertion of the beneficiary's husband, doubtless the cause of the change, had only taken place a few days before. It is not going too far to assume that the wife, then on the verge of death, took as quick action as could, in reason or by any fair intendment, be expected, and any failure of literal compliance with the rules of the association was, as we have said, induced by the conduct of its agent.

The judgment is affirmed. All concur.